OPINION of the Court, by
Judge Clark,
Joha Meaiix, in the year 1797, put Mathias Bush, (who had married his daughter) in possession of sundry slaves, who remained (except one of them) in his possession until the year 1808, when they were taken by Meaux out of the possession ot Bush, and others put in their place. Some short time after Meaux had resumed the possess’inn 0f £hC3e slaves, two executions, one in the name oí George Caldwell, and the other id the name of John Huggin, founded on judgments obtained bv them a_a;nst Mathias Bush, on contracts made with him » ’ , . ... when these negroes were m his possession, were levied on a number of these slaves in the possession of Meaux, who claimed them as his own, alleging they were only lentbv him to Bush, subject tobe retaken at his pleasure. A jury were empanelled to try the right of pro petty, who found the title to be in Meaux. Caldwell and Haggm having indemnified the sheriff, and the sale being about to proceed, Meaux brought his bill to enÍ°",n the sheriff from proceeding with the sale, and to quiet his title to the slaves. The circuit court dismissed the bill with, costs, from which decree the complain-k(L > 1
. , , . , I here is no evidence m the record, that the slaves m question were given by Meaux to Bush, but on the con-that shortly after Bush’s intermarriage with hi? daughter, in 1.797, he loaned him the slaves, with whom, they remained until the spring 1808, nearly eleven years. During this period Bush exercised every act of ownership over them, except disposing of them by sale. To some of Bush’s neighbors, the real situation of these slaves was known, to manv it was unknown, and some of bis most intimate acquaintances supposed them to be Bush’s. The defendants Caldwell and Hag-, girt deny any knowledge of Meaux’s claim, and allege they gave credit to Bush under an idea the slaves were his, which they would not have done, had they have known that Meaux pretended any claim to them.
The second section of the act to prevent frauds and perjuries, renders fraudulent and void, as to creditors and purchasers, any loan of goods and chatties, where the possession shall have remained with the person to *245 whom they are so loaned for the space of five years, Without derra"'1 mad. iu>1 pur-vd in due pro- t-rs at law on tht pent oí th' prtor.doi lender, or ap!¡ vs the loan be by will or deed in w iron', pi uved and u ct rded. If slaves art cotvpi 11 i ru'cd mal. r this pirvismn of the art, it sc uRs the co i >vo 11 ⅛, br t wren ti'-.c ; auies. lilt iambi-, w .10 whi< h !•. u.t m ubi be coiatr ru d with re,_a’<J to pi op i'n, which pa-Sis bv debt', onK , and the irabiiitv cl i red no; ⅛ and pyr> inwc re io aw ertam • in true situation of su'h picp''r;*, there b.h g no i'T'-i 5 evidence t<) which !% e in'.Sjie n nil t, tin .un s us to hi lieve the legisl.vuie i; 1 -¡rii-d th s del t to m.;; >-ac * every description of piopcrtt wh. r< the pose '1 arm pttmg^. facie evidence uJ (he ri«h(. Ght* 1¾ ere isy «•>> a> i ,4 oU#t legislature el.,b- d with tu tt tk~i lip-im, , , > M-,r„ j tj called real, and the refor. ii 'he am of hoods pel juries, which ought to be liberal!v cí| i'uiultilyas to receive a strict and literal construction, perhaps the loan of slaves would not fe included in this provision. But in point of utility and in principle, there is no distinction between slaves end o'ht-r pmsonalties. For not-vvithslanding they are tlasted as real estate, they are to many purposes personal. They me assets in the hands of an executor for the payment of debts * they are liable to execution as "tre,- rh ⅞ , they become vested in the husband on his iniecni.irrir.ye with the wife ; they pass by delivery as otprr personalties, and are sued for and recovered by aitii « per o.¡al. As the loan of slaves came within the mhchiei intended to be provided against, there ought to be but one rule in relation ■ to possession of slaves by lean and other person, allies. Meanx having acquired the possession of these slaves before die executions were levied, does not change the nature of the case ; five years possession gives an absolute right, so far as relates to creditors and purchasers, unless a demand has been made and pursued by due process at law, before the expiration of that period. This not having been done, the five years possession subjected them to execution in the same manner that the other property of the debtor wort id have been by law.
We have considered this case thus far under our statute of frauds and perjuries. But if this statute had ⅜0 relation to the loan of slaves, we should have little oy *246 no hesitation in saying that on general principltes of law and equity, the creditors of Bush ought to be protected against the claim of Meaux. Bush’s long and uninterrupted possession of these slaves, by the permission of Meaux, was calculated to give him a false and delusive credit. Iiis placing these negroes in the hands of Bush, without declaring to the world by some public act the terms on which they were given, his permitting Bush tos exercise acts of ownership over them and to convert the proceeds of their labor to his benefit, ought in reason and justice to subject them to the payment of Bush’s debts.-——LJeeree affirmed, &c.